D. Angus Lee, OSB No. 213139
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
(360) 635-6464
angus@angusleelaw.com

Endel Kolde
(pro hac vice to be sought)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
(202) 301-1664
dkolde@ifs.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BRUCE GILLEY,<br><br>　　*Plaintiff*,<br><br>v.<br><br>TOVA STABIN, Communications Manager, University of Oregon Division of Equity and Inclusion, in her official and individual capacities,<br><br>　　*Defendant*. | Case No. <u>　3:22-cv-1181　</u><br><br><br>COMPLAINT FOR INJUNCTIVE AND DECLERATORY RELIEF |

COMPLAINT - 1

INTRODUCTION

"The protections of the First Amendment apply no less to the 'vast democratic forums of the Internet' than they do to the bulletin boards or town halls of the corporeal world." *Garnier v. O'Connor-Ratcliff*, Nos. 21-55118, 21-55157, 2022 U.S. App. LEXIS 20719, at *62 (9th Cir. July 27, 2022). "When state actors enter that virtual world and invoke their government status to create a forum for such expression, the First Amendment enters with them." *Id.*

Oregon's flagship state university has a Division of Equity and Inclusion ("Division"), whose communication manager, Tova Stabin, posts content on the topics of diversity, equity, and inclusion on the social media platform Twitter, using the Division's official account. She recently posted a "Racism Interrupter" prompt, which was open to comments by other Twitter users. But when Bruce Gilley posted "all men are created equal," Tova Stabin blocked him from the Equity Division's Twitter account, because he promotes a colorblind viewpoint with which she, and her employer, disagree. Stabin's blocking constitutes impermissible viewpoint discrimination, and it violates the First Amendment.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action challenges Defendants' violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

COMPLAINT - 2

2. Venue lies in this Court per 28 U.S.C. §§ 1391(b)(1) and (b)(2) because all the parties are residents of this judicial district and the events giving rise to these claims occurred and are occurring in this judicial district.

3. The effects of Stabin's blocking are experienced by Plaintiff in Multnomah County, Oregon, where he works and resides.

THE PARTIES

4. Plaintiff Bruce Gilley works as an academic. He resides and mostly works in Multnomah County. He uses Twitter mostly in his private capacity and uses it primarily in Multnomah County.

5. Defendant Tova Stabin, who resides and works in Lane County, Oregon, is employed as the Communications Manager for the University of Oregon's Division of Equity and Inclusion and is housed in the Office of the Vice President of Equity and Inclusion. She is sued in both her official and individual capacities.

FACTS

*The University of Oregon is a State Actor*

6. The University of Oregon is a public state university, organized pursuant to ORS 352.002. The University of Oregon is a taxpayer-funded governmental entity performing governmental functions and exercising governmental powers pursuant to ORS 352.033.

7. The Division of Equity and Inclusion ("Division") is a part of the University of Oregon.

COMPLAINT - 3

8. The Division uses the acronym "DEI."

9. The acronym "DEI" is also a common acronym for the ideology of diversity, equity, and inclusion.

10. The Division's official slogan is that it "promotes inclusive excellence by working to ensure equitable access to opportunities, benefits, and resources for all faculty, administrators, students, and community members."

11. The Division promotes its concept of "equity," which it describes as a "structural concept" that "takes into account where people are and where they need to go."

12. The Division's concept of equity includes discriminating in favor of certain races and genders in order to atone for actual and perceived past discrimination.

13. The Division promotes its concept of "inclusion," which it describes as a "decision-making process in ways that lead to equity."

14. The Division's concept of inclusion does not include allowing the expression of viewpoints critical of DEI.

15. The Division promotes the idea that the United States and the State of Oregon were founded on oppression and remain oppressive and systemically racist to this day.

16. The Division similarly promotes the concept that the University of Oregon is a systemically racist institution, mired in "colorblindness."

17. The Division claims that its guiding concepts of "equity" and "inclusion" seek to promote equal educational outcomes.

COMPLAINT - 4

18. The Division rejects the proposition that state universities should aspire to colorblindness in making educational and employment decisions.

19. The Division is administered by the Office of the Vice President for Equity and Inclusion (VPEI), which is also part of the University of Oregon.

*Tova Stabin is a state actor and agent of the University of Oregon*

20. Defendant Tova Stabin is an employee of the University of Oregon VPEI and Equity Division. Her job title is Communication Manager. She is responsible for all of the Equity Division and VPEI's digital communications, external communications, and social media. Her job duties are self-described in Exhibit 1.

21. Ms. Stabin is an agent and acts on behalf of the University of Oregon, a public entity.

22. Ms. Stabin is a former diversity consultant and considers herself to be an "avid social justice activist."

23. Ms. Stabin is responsible for administering the Division's @UOEquity Twitter account, which is the Division's official social media presence on the Twitter platform.

24. Twitter is an interactive social media platform, which users can utilize to interact with each other by posting content called "Tweets," commonly accessed via a smartphone application.

25. The @UOEquity Twitter account was established in 2013, follows over 400 Twitter users and is followed by nearly 1,000 Twitter users.

COMPLAINT - 5

26. The @UOEquity account is a public account, and its posts can be read and commented on by any other Twitter user, who is not blocked by Ms. Stabin.

27. Other Twitter users can also reply to posts with their own comments or retweet posts to their own followers if they have not been blocked by Ms. Stabin.

28. The Division's official website invites members of the public to "connect with us" on Twitter and links to the @UOEquity account.

29. The @UOEquity Twitter account bears the trademark, trade dress, and school colors of the University of Oregon, presents its location as "University of Oregon" and links to "inclusion.uoregon.edu" which is the official webpage of the Division.

30. Ms. Stabin uses @UOEquity Twitter to promote the Division's concepts of diversity, equity, and inclusion or DEI, and therefore is acting on behalf of the University of Oregon, a public institution.

31. Ms. Stabin uses @UOEquity to tweet about various pro-DEI viewpoints on Asian culture, food justice, the harmful effects of harassment and discrimination of LGBTQ people in schools, the historic significance of the nomination of Justice Ketanji Brown Jackson, the transformative journey of Africans to Africans living in America, solidarity discussions centered on social and racial justice, and the International Transgender Day of Visibility.

32. Followers of @UOEquity Twitter and other Twitter users who are not blocked by Stabin are able to interact with her posts by liking, retweeting, or replying to the posts. When replying to a post, Twitter users can express their own

opinion about a viewpoint expressed in the post. That post then becomes visible to other Twitter users, who may also reply to it, thus conducting a public conversation that would continue under the @UOEquity account, unless a specific user affirmatively chooses to exclude that account from a reply.

33. Users can also start new conversations about a Tweet by re-tweeting it and including their own comments, which may elicit further replies.

34. The Twitter functionality of "tweeting" is described at: TWITTER, *How to Tweet,* https://help.twitter.com/en/using-twitter/how-to-tweet (last visited July 29, 2022).

35. The Twitter functionality of "replying" is described at: TWITTER, *Reply to Tweets to add your voice,* https://help.twitter.com/en/resources/twitter-guide/topics/how-to-join-the-conversation-on-twitter/how-to-reply-to-a-tweet-on-twitter (last visited July 29, 2022).

36. The Twitter functionality of "re-tweeting" is described at: TWITTER, *How to Retweet,* https://help.twitter.com/en/using-twitter/how-to-retweet (last visited July 29, 2022).

37. Twitter users who post replies to @UOEquity that express pro-DEI viewpoints, or viewpoints that are uncritical or agnostic toward DEI, are allowed to do so by Defendant Stabin, without getting blocked.

38. One Twitter user posted a reply to @UOEquity in July 2022 that he was bullied by the "UO university police" because they knew he was Jewish.

COMPLAINT - 7

39. Another user replied in May 2022 that the user "really enjoyed" Bryant Terry's talk on BLM and Food Justice, which had been promoted by @UOEquity.

40. Another user replied in May 2022 that "Spirted Away," a film promoted by @UOEquity, was a "Great film."

41. Another user replied in April 2022 that she was disappointed that antisemitism was the "sole focus" of a local campaign to combat "propaganda" and that "anti-trans messages" were just a footnote.

42. Another user replied in February 2022 that Black Studies was her major, accompanied by several heart emojis and an exclamation mark. Two of the heart emojis were green, which is one of the University of Oregon's school colors.

*The Racism Interrupter prompt and Gilley's quote from the Declaration of Independence*

43. Defendant Stabin has used @UOEquity Twitter to post what she refers to as a "Racism Interrupter." The Racism Interrupter consists of a quotation or prompt, designed to provoke a discussion about racism or DEI.

44. On or about June 14, 2022, Stabin used @UOEquity to post one such Tweet stating "You can interrupt racism" with the prompt "It sounded like you just said _____. Is that really what you meant?" The prompt was presented on a yellow and green field with the University's and Division's logos and the label "RACISM INTERRUPTER" underneath the prompt.

45. Below is a screen shot of the above-referenced tweet.
COMPLAINT - 8



46. When posting the Racism Interrupter prompt, on or about June 14, 2022, Defendant Stabin was acting in her official role as VPEI Communication Manager.

47. When doing so, she was also promoting the viewpoint that some statements may reflect subconscious or implicit racial bias, even if they were not intended to promote racist views, so long as they are subjectively interpreted as racist by any listener who is also a person of color or "BIPOC" and is not white, so-called "white adjacent," or "enacting whiteness."

48. Bruce Gilley is a professor at another university in Oregon.

COMPLAINT - 9

49. He is the chapter president of the Oregon Association of Scholars. He is also a member of the Heterodox Academy and supports its mission to encourage viewpoint diversity in higher education.

50. Bruce Gilley categorically rejects his employer's claims that his university sits on "stolen land" and resists attempts by his employer to impose the ideology of diversity, equity, and inclusion on campus. He has previously declined to sign a "black lives matter" statement because it amounts to an ideological pledge. He also resists what he views as the ideological indoctrination of students.

51. Bruce Gilley is a critic of the DEI principles promoted by the Division, VPEI and defendant Stabin, because he believes that DEI calls for discrimination against university faculty, students, and applicants who are not members of groups favored by the Division, VPEI and defendant Stabin.

52. He also believes that the principles they promote are based on what is called "critical theory," which threatens freedom of thought at Oregon universities; including by labeling competing ideas, such as colorblindness, as "racist," "white supremacist," "oppressive," and otherwise "unsafe" to express in public.

53. Professor Gilley is a known critic of the ideology of DEI as it is practiced at the University of Oregon and at other public universities in Oregon.

54. Bruce Gilley expresses his viewpoints in various forums, including on Twitter, using his account @BruceDGilley.

55. On June 14, 2022, Bruce Gilley used Twitter to re-tweet the @UOEquity's Racism Interrupter prompt with the statement "all men are created equal," which is

COMPLAINT - 10

a quote from the U.S. Declaration of Independence, and promotes his viewpoint of colorblindness and equality, not equity. This colorblindness principle is also reflected in the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and numerous anti-discrimination laws.

56. In his re-tweet of the Racism Interrupter prompt with his own comment, Gilley also tagged @uoregon and @UOEquity, which would cause the re-tweet to become visible to the account administrator.

57. Below is a screen shot of the above-referenced re-tweet.



COMPLAINT - 11

58. On June 14, 2022, defendant Stabin, acting in her official role as VPEI Communications Manager and administrator of the @UOEquity Twitter account, blocked Bruce Gilley from the account.

59. Below is a screen shot of the above-referenced block notification.



60. Blocking @BruceDGilley on Twitter prevents Bruce Gilley from viewing, replying, or retweeting any of @UOEquity's posts, including sharing them with his

COMPLAINT - 12

own Twitter followers. Blocking also removed Bruce Gilley's "all men are created equal" reply from @UOEquity's timeline and prevented other users from viewing it or interacting with it, and with Gilley, including followers of the @UOEquity account.

61. The Twitter functionality of "blocking" is described at: TWITTER, *How to block accounts on Twitter,* https://help.twitter.com/en/using-twitter/blocking-and-unblocking-accounts (last visited July 29, 2022).

62. Defendant Stabin blocked Bruce Gilley because she and her employer disagree with the viewpoint expressed by his re-tweet and also the quote from the Declaration of Independence that "all men are created equal."

63. Defendant Stabin also believes that Prof. Gilley's opinion is critical of her employer's DEI ideology and she wishes to suppress his viewpoint, including to Twitter followers of @UOEquity.

64. On July 5, 2022, after Bruce Gilley filed a public records request for the policy utilized by VPEI to block Twitter users, the University of Oregon informed him that there was no written policy and that the "staff member that administers the VPEI Twitter account and social media has the autonomy to manage the accounts and uses professional judgment when deciding to block users."

65. In the same public records request response, the University of Oregon also informed Gilley that two other Twitter users were blocked from the @UOEquity.

66. Both of the other users have expressed politically conservative viewpoints, including criticizing posts of the @UOEquity account. One reply by a blocked user

asked "[h]ow are these groups going to a secondary school if they can't read, write, and do math?"

67. Another reply by a different blocked user stated "Diversity, Equity, and Inclusion departments are Marxist poison and should be eliminated from every institution in America."

68. @BruceDGilley remains blocked from the @UOEquity account. He is unable to express his views in replies or re-tweets. Even if he were to be temporarily unblocked, or use an alias, Bruce Gilley remains concerned that he could be blocked again in the future for expressing a viewpoint critical of the ideology of diversity, equity, and inclusion, thereby inviting self-censorship.

## FIRST CLAIM FOR RELIEF
### RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
### AS-APPLIED CHALLENGE TO TWITTER BLOCKING

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68.

70. The First Amendment embodies "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). The government may not silence speech because it criticizes government officials or employees, or their favorite ideas or principles, even if that speech does so in ways that many people may find unpleasant. Allegations that speech is disrespectful, unsafe, or offensive do not justify censorship of public

speech. The ideology of DEI is not less subject to criticism than any other set of opinions and beliefs.

71. First Amendment protections extend to replies, re-tweets, or comments posted by users in response to posts by government officials using official state-university Twitter accounts, including @UOEquity, by operation of the Fourteenth Amendment.

72. The interactive portions of @UOEquity's Twitter page, including the reply and re-tweet features, constitute a designated public forum where state actors may impose only viewpoint neutral time, place, and manner restrictions that are narrowly drawn.

73. In the alternative, the interactive portions of @UOEquity's Twitter page, including the reply and re-tweet features, constitute a limited public forum, where state actors may only impose restrictions that are viewpoint-neutral and reasonable, in light of the purposes of the forum.

74. In both cases, the University of Oregon has created the @UOEquity Twitter account to engage with the public and to solicit feedback. Its purpose is to interact with the public and to foster exchange. That is a public forum.

75. Defendant Stabin was and is a state actor acting in the course and scope of her employment when she blocked, and continues to block, Bruce Gilley from the @UOEquity account.

76. Defendant Stabin acted in a viewpoint discriminatory manner when she blocked Bruce Gilley from the @UOEquity Twitter account.

COMPLAINT - 15

77. Defendant Stabin has a pattern and practice of blocking Twitter users from the @UOEquity Twitter account who express viewpoints she disagrees with, including viewpoints that are critical of the ideology of diversity, equity, and inclusion or the Division.

78. Defendant Stabin, by blocking Gilley, also failed to implement a narrowly tailored content-neutral time, place, and manner restriction.

79. By enforcing viewpoint discriminatory Twitter blocking, Defendant Stabin, under color of law, deprives Plaintiff, and other similarly situated persons, of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiff Gilley is damaged in violation of 42 U.S.C. § 1983, and, therefore, is entitled to damages; declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

SECOND CLAIM FOR RELIEF
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO TWITTER BLOCKING CUSTOM, POLICY AND PRACTICE

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 68.

81. Twitter blocking policies in designated public forums must be guided by objective, workable standards, otherwise they invite excessive discretion and application of the state official's own opinions and political biases. *See, e.g., Minn. Voters All. v. Mansky,* 138 S. Ct. 1876, 1891 (2018).

82. VPEI and Stabin's custom, policy, and practice of granting Defendant Stabin uncabined autonomy and "professional judgment" to make blocking decisions invites subjective and viewpoint discriminatory blocking decisions. It also does not provide users with any notice as to what content posting may result in blocking.

83. By enforcing VPEI's and Stabin's uncabined-blocking custom, policy and practice, Defendant, under color of law, deprived and continues to deprive Plaintiff, and other similarly situated persons, of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiff is damaged in violation of 42 U.S.C. § 1983, and, therefore, is entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bruce Gilley, requests judgment be entered in his favor and against Defendant Tova Stabin as follows:

A. An order permanently enjoining Defendant Tova Stabin, her officers, agents, servants, employees, and all persons in active concert or participation with her who receive actual notice of the injunction:

   1) To permanently unblock @BruceDGilley from the @UOEquity Twitter account;

    2) From discriminating on the basis of viewpoint when blocking users from @UOEquity, including other users who express views critical of the ideology of diversity, equity, and inclusion;

    3) Applying overly broad content-discriminatory criteria when blocking users from @UOEquity; and

    4) Enforcing VPEI and Defendant's subjective custom, policy, and practice of applying "professional judgment" when blocking users from @UOEquity.

B. A declaration that Defendant's decision to block Bruce Gilley and apply subjective "professional judgment" when making blocking decisions for @UOEquity constitutes a violation of the First Amendment;

C. To Bruce Gilley, nominal damages in the amount of $17.91;

D. Costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. Any other relief this Court may grant in its discretion.

Respectfully submitted,　　　　　　　　　Dated: August 10, 2022

                                                           *s/D. Angus Lee*

Endel Kolde　　　　　　　　　　　　　　　　D. Angus Lee
(pro hac vice to be sought)　　　　　　　　OSB No. 213139
INSTITUTE FOR FREE SPEECH　　　　　　ANGUS LEE LAW FIRM, PLLC
1150 Connecticut Ave., NW　　　　　　　9105 NE Highway 99
Suite 801　　　　　　　　　　　　　　　　　Suite 200
Washington, D.C. 20036　　　　　　　　　Vancouver, WA 98665-8974
(202) 301-1664　　　　　　　　　　　　　　(360) 635-6464
dkolde@ifs.org　　　　　　　　　　　　　　angus@anguslee law.com

*Attorneys for Bruce Gilley*

COMPLAINT - 18

# Exhibit 1

# Communication Manager

## tova stabin

*Communication Manager*

tstabin@uoregon.edu

Ms. tova stabin is part of the UO internal and executive communications team working as the Communication Manager for the Division of Equity and Inclusion. She has more than 20 years of communications experience including in writing, editing, digital and social media, website content development and strategic planning. She most recently worked as Communication Specialist at Parenting Now, as a writer for Thomas Riggs' encyclopedias, and ran her own consulting firm, Diversity Education and Information Services, with clients that included Lane Community College, Northwest Library Association and the City of Eugene. Her writing has been published widely locally and nationally and she is the recepient of a number of writing awards and fellowships. She has a BA in English and Women's Studies; a Masters of Library and Information Science; and a Master's Certificate in Integrative Administration. She is also an avid social justice activist, reader, gardener, an active member of Temple Beth Israel and proud parent.

As Communication Manager, she will be working on all digital and print communication, including social media, website content and design, internal and external communication, as well as working on strategic communication planning.