D. Angus Lee, OSB No. 213139
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
(360) 635-6464
angus@angusleelaw.com

Endel Kolde
(pro hac vice)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
(202) 301-1664
dkolde@ifs.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BRUCE GILLEY, <br><br> *Plaintiff*, <br><br> v. <br><br> TOVA STABIN, Communications Manager, University of Oregon Division of Equity and Inclusion, in her official and individual capacities, <br><br> *Defendant*. | Case No. 3:22-cv-01181-HZ <br><br> MOTION TO EXPEDITE PRELIMINARY INJUNCTION HEARING AND EARLY DISCOVERY <br><br> *EXPEDITED HEARING REQUESTED* |

MOTION TO EXPEDITE - 1

LOCAL RULE 7-1(A)(1) CERTIFICATION

Undersigned Plaintiff's Counsel attempted to confer telephonically with putative outside counsel regarding this motion, but counsel willfully declined to participate and did not offer any alternate times to confer. In addition, the UO legal counsel's office indicated via email that they did not believe expedited discovery was necessary and also interposed hyper-technical service arguments that are designed to delay the proceedings in the face of actual notice to defense counsel. Further details are contained in the supporting memorandum and declaration.

MOTION

In accordance with Local Rule 7.1, Fed. R. Civ. P. 26 and 65, 42 U.S.C. § 1983, and First and Fourteenth Amendments to the U.S. Constitution, Plaintiff Bruce Gilley hereby moves this Court for an expedited hearing on his motion for preliminary injunction and asks this Court to set a hearing date and briefing schedule. Gilley also requests leave to conduct targeted expedited discovery in the form of one Fed. R. Civ. P. 30(b)(6) deposition, lasting no more than four hours, to occur before September 1, 2022, the last date to amend the Complaint as of right under Fed. R. Civ. P. 15. Gilley requests that such deposition take place in Portland, Oregon and be limited to the topics listed in Exhibit A.

MOTION TO EXPEDITE - 2

MEMORANDUM IN SUPPORT OF MOTION TO EXPEDITE

INTRODUCTION

Defendant Tova Stabin's sometime employer the University of Oregon (UO), is seeking to avoid a hearing on the merits of Bruce Gilley's motion for preliminary injunction through delaying tactics, including failing to timely communicate or confer with plaintiff's counsel, feigning ignorance of the lawsuit, delaying filing of a notice of appearance, purporting to moot the case despite applicability of the voluntary cessation doctrine, and insisting on physical service of the complaint on UO, all while essential admitting through conduct that defendant violated plaintiff's speech rights and caused constitutional injury. This Court should put an end to this gamesmanship by setting an expedited preliminary injunction hearing and briefing schedule.

In addition, since filing the lawsuit, Plaintiff has learned that Ms. Stabin allegedly retired from her UO position in late July, after she blocked Prof. Gilley, but before the lawsuit was filed. By operation of Fed. R. Civ. P. 25(d), the "officer's successor is automatically substituted as a party" as to the official-capacity claim, although Ms. Stabin remains in the case in her individual capacity. Plaintiff is requesting limited early discovery, in order to ascertain the need to make necessary and timely amendments to the Complaint, within the window allowed by Fed. R. Civ. P. 15, including adding possible additional defendants.

MOTION TO EXPEDITE - 3

## Timeline of Relevant Facts

- On the morning of August 11, 2022, Plaintiff initiated this lawsuit by filing his Complaint and combined motion for TRO and preliminary injunction. ECF No. 1, et seq. The Complaint names defendant Tova Stabin in her official and individual capacities as Communication Manager for the UO Division of Equity and Inclusion. *Id.*

- On that same day, at 4:17 PM, Ms. Stabin was served with the lawsuit and all filings via personal service at her home in Eugene, Oregon. ECF Nos. 9, 9-1.

- On that same day, at 5:08 PM, this Court sua sponte denied the motion for TRO and ordered: "As for the preliminary injunction, the parties are ordered to contact the Court to set a scheduling conference once counsel for Defendant has been notified and appeared. At that conference, the Court will set a briefing schedule and hearing date for the preliminary injunction." ECF No. 7.

- The next day, on August 12, 2022, at noon, plaintiff's counsel Endel Kolde, emailed UO's Deputy General Counsel Doug Park and the general counsel's office email of gcounsel@uoregon.edu, to notify them of the lawsuit and attached a zip file of the ECF filings to date. Kolde Dec ¶ 5. In that email, he asked for defense counsel's availability for the scheduling conference with the Court. *Id.*

- The UO Legal Counsel's Office did not respond on that day, over the weekend or on Monday, August 15, 2022. *Id.* ¶ 6. Similarly, no one asked plaintiff's counsel to send or serve another copy of the lawsuit on anyone. *Id.*

MOTION TO EXPEDITE - 4

- Due to reporting in The Oregonian, plaintiff's counsel learned that Ms. Stabin allegedly retired at the end of July, although she was still listed as the UO DEI's Communication Manager on the Division's official website at the time of filing this case. *Id.* ¶ 7; ECF No. 5-3.

- On August 16, at 9:39 AM, plaintiff's counsel again emailed Deputy General Counsel Park and gcounsel@uoregon.edu, asking for a response to his now-four-day-old email regarding scheduling the preliminary injunction hearing and requesting an early Rule 30(b)(6) deposition, with an attached list of topics. Kolde Dec. ¶¶ 8-9; Ex. A. Plaintiff's counsel also set a telephonic meet-and-confer for morning of August 17, 2022, but offered to reschedule it for a more convenient time if needed. *Id.*

- This email prompted the email transmission of a letter from UO General Counsel Kevin Reed, followed by an email response from Doug Park at 12:16 PM. *Id.* ¶ 10. The gist of both of the responsive communications was that in response to the initiation of litigation UO had decided to unblock Gilley and that they wanted plaintiff to dismiss the lawsuit. *Id.* Doug Park also copied Misha Isaak and Stephen English of the Perkins Coie law firm, who he indicated might file a motion to dismiss for UO. *Id.*

- Plaintiff's counsel responded to that email about two hours later and indicated that the case was not moot, because of the voluntary cessation doctrine, and asked outside counsel to enter notices of appearance and participate in the meet-and-confer on August 17, 2022. *Id.,* ¶ 11.

MOTION TO EXPEDITE - 5

- About two hours later, Deputy General Counsel Park responded indicating he would "confer with our trial counsel on how best to proceed" and for the first time indicating that the zip file sent on Friday could not be opened. *Id.* ¶ 12. He also stated that he opposed expedited discovery or seeking a preliminary injunction. *Id.*

- Plaintiff's counsel responded to this email about half-an-hour later with a link to a SharePoint folder containing all of the ECF filings and a request to accept service on behalf of UO. *Id.* ¶ 13.

- Later that evening, at 8:16 PM, Perkins Coie attorney Misha Isaak emailed that he and Steven English were traveling out of state and not available for the meet-and-confer. *Id.* ¶ 14. He did not offer any alternate times, he did not explain why there was no phone service at his location, nor did he explain why being out-of-state would preclude him from taking part in a phone call. *Id.* He also did not indicate when he would enter a notice of appearance. *Id.*

- On August 17, 2022, at 9:29 AM, Deputy General Counsel Park, responded to plaintiff's counsel's email requesting that he accept service of the lawsuit by insisting that plaintiff arrange a time to serve a physical hard copy on the office of legal counsel. *Id.* ¶ 15.

- The meet-and-confer was set to start one minute after the above referenced email was sent. *Id.* Both plaintiff's counsel joined the conference line and waited for five minutes, but no defense counsel joined the call. *Id.*

MOTION TO EXPEDITE - 6

- Plaintiff served another copy of the lawsuit and the MPI filings on Doug Park's office today. ECF No. 10.

## ARGUMENT

UO and its putative outside counsel have engaged in unconstructive tactics to attempt to delay a preliminary injunction hearing in this matter because they know that they will lose on the merits. They have avoided conferring about scheduling the MPI hearing and played games about physical service of pleadings they had already received electronically or could easily obtain. The UO legal counsel's office claims it cannot open a zip file nor apparently log onto PACER, but they did manage to hire the two Perkins Coie partners who are conveniently unavailable to participate in the case in a timely manner. UO's lawyers knew that this Court expected the parties to meet and confer as to the preliminary injunction motion, and they knew that Plaintiff was attempting to meet and confer about discovery. Hiring unavailable attorneys is not a proper response to the situation.

It is undisputed that UO has actual notice of this lawsuit and the individual-capacity defendant, Tova Stabin, was served on the same day the case was filed. ECF No. 9, 9-1. Although the UO legal counsel's office has tactically avoided providing information on this issue, it is probable that they were notified by Ms. Stabin soon thereafter. Their own online instructions to UO employees state: "You should notify the general counsel's office immediately and provide a copy of the subpoena or summons." UNIV. OF OREGON, *What should I do if I am served with a*

MOTION TO EXPEDITE - 7

*subpoena or summons relating to university business?*

https://generalcounsel.uoregon.edu/subpoena-summons (last visited August 17, 2022). That same page also indicates that "The general counsel's office is authorized to accept such service for the university." It is highly improbable that the UO legal counsel's office did not have detailed knowledge of this lawsuit and the MPI by Friday, August 12, 2022, especially after it had received plaintiff counsel's email.

Given the strength of Gilley's motion for preliminary injunction, it is perhaps understandable that UO would attempt to moot the case by temporarily unblocking him, but at best, this is a disputed issue that will need to resolve by the Court due to the applicability of the voluntary cessation doctrine. *See, e.g., Fikre v. FBI,* 904 F.3d 1033, 1037-40 (9th Cir. 2018). Temporarily unblocking Gilley also does not address his request for a declaration as to past unlawful blocking behavior or an entry of judgment as to nominal damages.

Moreover, UO's delaying tactics are further underscored by their putative outside counsel's unwillingness to offer alternate times to confer about an MPI hearing or expedited discovery. Kolde Dec. ¶ 14. At this rate, it will potentially be weeks before they appear and then they will perhaps claim that Gilley sat on his rights.

If Ms. Stabin retired at the end of July 2022, then by operation of Rule 25(d), the position of DEI Communication Manager becomes the official-capacity defendant

MOTION TO EXPEDITE - 8

and UO is effectively a party to this case. UO will continue to play delaying games unless this Court sets an expedited MPI hearing and briefing schedule.[1]

As to expedited discovery, plaintiff is requesting targeted discovery in the form of a short Rule 30(b)(6) deposition on topics relevant to his claims and other individuals who may have been involved in blocking Gilley's speech rights or facilitating that blocking. Kolde Dec. ¶ 8; Ex. A. Plaintiff was unaware that Ms. Stabin had apparently recently retired because she was still listed as the Communication Manager on UO DEI's website. ECF No. 5-3. In the interest of efficiency and exercising his right to amend the Complaint once as of right under Rule 15, Gilley is asking this Court for this limited early discovery.

## CONCLUSION

This Court should set an expedited MPI hearing and briefing schedule and grant Plaintiff leave to take one four-hour Rule 30(b)(6) deposition to take place in Portland before September 1, 2022.

## CERTIFICATION OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), and 26-3(b) because it contains 1,664 words, including headings, footnotes, and

---

[1] Mr. Gilley is unavailable to appear at a hearing between August 31, 2022 and September 5, 2022, although plaintiff's legal counsel are available.

MOTION TO EXPEDITE - 9

quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

| | |
|---|---|
| Respectfully submitted, | Dated: August 17, 2022 |
| *s/Endel Kolde* | *s/D. Angus Lee* |
| Endel Kolde | D. Angus Lee |
| (pro hac vice) | OSB No. 213139 |
| INSTITUTE FOR FREE SPEECH | ANGUS LEE LAW FIRM, PLLC |
| 1150 Connecticut Ave., NW | 9105 NE Highway 99 |
| Suite 801 | Suite 200 |
| Washington, D.C. 20036 | Vancouver, WA 98665-8974 |
| (202) 301-1664 | (360) 635-6464 |
| dkolde@ifs.org | angus@angusleelaw.com |

*Attorneys for Bruce Gilley*


DECLARATION OF SERVICE

I, Endel Kolde, hereby declare that:

On August 17, 2022, at approximately 4:25 PM I emailed copies of this motion and declaration to Douglas Park and Kevin Reed as well as their putative outside counsel Misha Isaak and Steven English at their respective email addresses.

In addition, I have arranged with co-counsel Angus Lee to instruct a messenger service serve hard copies of this motion on the Perkins Coie law firm's Portland Office and the UO legal counsel's office, by no later than tomorrow.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2022.

                                                      *s/Endel Kolde*

MOTION TO EXPEDITE - 11