D. Angus Lee, OSB No. 213139
ANGUS LEE LAW FIRM, PLLC
9105 NE Highway 99, Suite 200
Vancouver, WA 98665-8974
(360) 635-6464
angus@angusleelaw.com

Endel Kolde
(pro hac vice to be sought)
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
(202) 301-1664
dkolde@ifs.org

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| BRUCE GILLEY,<br><br>        *Plaintiff,*<br><br>v.<br><br>TOVA STABIN, Communications Manager, University of Oregon Division of Equity and Inclusion, in her official and individual capacities,<br><br>        *Defendant.* | Case No. 3:22-cv-01181<br><br><br>DECLARATION OF ENDEL KOLDE IN SUPPORT OF MOTION TO EXPEDITE MPI HEARING AND EARLY DISCOVERY |

I, Endel Kolde, hereby declare that:

KOLDE DECLARATION - 1

1.  I am an adult and competent to make this declaration. This declaration is based on personal knowledge and my review of the ECF filings in this case, email communications sent by the UO legal counsel's office and putative outside legal counsel.

2.  I am one of the attorneys representing plaintiff Bruce Gilley in this matter.

3.  I have been practicing law since 1995 and spent over a decade-and-a-half handling civil litigation matters for a local government entity in Washington state, where I was frequently asked to accept service on behalf of government employees, including those sued in their official capacities. It was routine for me to accept service for such employees.

4.  We filed this lawsuit on August 11, 2022, and it was served on defendant Tova Stabin later that afternoon as reflected in ECF Nos. 9 and 9-1.

5.  The next day, on August 12, 2022, at noon, I emailed UO's Deputy General Counsel Doug Park and the general counsel's office email of gcounsel@uoregon.edu, to notify them of the lawsuit and attached a zip file of the ECF filings to date. In that email, I asked for defense counsel's availability for the scheduling conference with the Court and indicated that we wished to schedule the MPI hearing.

6.  Neither Mr. Park nor the UO Legal Counsel's Office responded to me on that day, over the weekend or on Monday, August 15, 2022. Similarly, no one told me that they could not open the zip file or asked for another courtesy copy of any of the filings, which I would have freely provided.

KOLDE DECLARATION - 2

7.   Due to reporting in The Oregonian, I learned that Ms. Stabin allegedly retired at the end of July, based on an out-of-the-office reply received by the reporter. At the time this lawsuit was filed, she was still listed as the UO DEI's Communication Manager on the Division's official website, as reflected in ECF No. No 5-3.

8.   On Tuesday, August 16, at 9:39 AM, I again emailed Deputy General Counsel Park and gcounsel@uoregon.edu, asking for a response to my now-four-day-old email regarding scheduling the preliminary injunction hearing and I also requested an early Rule 30(b)(6) deposition, with an attached list of topics. Plaintiff's counsel also set a telephonic meet-and-confer for morning of August 17, 2022, but offered to reschedule it for a more convenient time if needed.

9.   Exhibit A is a true and correct copy of the list of topics that I emailed for the proposed Rule 30(b)(6) deposition.

10.  This email prompted the email transmission of a letter from UO General Counsel Kevin Reed, followed by an email response from Doug Park at 12:16 PM. The gist of both of these communications was that UO had decided to unblock Gilley and that they wanted plaintiff to dismiss the lawsuit. Doug Park also copied Misha Isaak and Stephen English of the Perkins Coie law firm, who he indicated might file a motion to dismiss for UO.

11.  I responded to this email about two hours later and indicated that the case was not moot, because of the voluntary cessation doctrine, and asking outside

KOLDE DECLARATION - 3

counsel to enter notices of appearance and participate in the meet-and-confer on August 17, 2022.

12. About two hours later, Deputy General Counsel Park responded with another email indicating he would "confer with our trial counsel on how best to proceed" and for the first time alleging that the zip file sent on Friday could not be opened. He also stated that he opposed expedited discovery or seeking a preliminary injunction.

13. I responded to this email about half-an-hour later with a link to a SharePoint folder containing all of the ECF filings and a request that he accept service on behalf of UO.

14. Later that evening, at 8:16 PM, Perkins Coie attorney Misha Isaak emailed me that he and Steven English were traveling out of state and not available for the meet-and-confer. He did not offer any alternate times or explain why there was no phone service at his location or explain why being out-of-state would preclude participation in a phone call. He also did not indicate when he would enter a notice of appearance.

15. On August 17, 2022, at 9:29 AM, Deputy General Counsel Park, responded to my email requesting that he accept service of the lawsuit by insisting that plaintiff arrange a time to serve a physical hard copy on the office of legal counsel.

16. The meet-and-confer was set to start one minute later, at 9:30 AM. Both me and my co-counsel joined the conference line and waited for five minutes, but no defense counsel joined the call.

KOLDE DECLARATION - 4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2022.

_____

ENDEL KOLDE

KOLDE DECLARATION - 5