**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Misha Isaak**, OSB No. 086430
MIsaak@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant tova stabin*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRUCE GILLEY**, <br><br> Plaintiff, <br><br> v. <br><br> **TOVA STABIN**, Communications Manager, University of Oregon Division of Equity and Inclusion, in her official and individual capacities, <br><br> Defendant. | Case No. 3:22-cv-01181-HZ <br><br> **DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE PRELIMINARY INJUNCTION HEARING AND EARLY DISCOVERY** |

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE PRELIMINARY INJUNCTION HEARING AND EARLY DISCOVERY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

## I.    INTRODUCTION

Plaintiff has elected to use this Court as a forum to make a political point.  He and his lawyers appear to want to escalate this case to achieve political theater.  Perhaps it is their right to do so.  But neither the Court, nor defendant tova stabin[1] ("Defendant"), nor her former employer the University of Oregon (the "University"), is obliged to depart from the usual process of civil litigation to accommodate Plaintiff's objectives.  If Plaintiff wishes to prosecute a lawsuit in federal court, he must serve Defendant properly, demonstrate that his claim is justiciable, overcome dispositive motions, participate in discovery, and prove the elements of his claim by a preponderance of the evidence in a trial — just like everyone else.  The procedures of this forum are not tailored to the news cycle.

Plaintiff styles his motion as a "Motion to Expedite Preliminary Injunction Hearing and Early Discovery."  But it includes not a single sentence about why a preliminary injunction is warranted in this case, much less why it should be expedited.  Indeed, when one clears away the accusations, invective, and efforts at point-scoring, the motion offers just one reason for Plaintiff's request to expedite anything — i.e., Plaintiff says that the named Defendant, Ms. stabin, recently retired and he needs to conduct discovery to learn who has replaced her so he can amend the Complaint while he still may do so as of right, under Rule 15(a)(1).  But this reason is hollow.  No successor has been appointed, and Rule 25(d) provides that the substitution of an officer's successor is "automatic[]," not contingent on the deadline to amend as of right.  In any event, Defendant would not oppose a motion to substitute Ms. stabin's successor, even if one were needed.

Plaintiff has given no good cause to expedite anything.  And there are good reasons not to.  For starters, the case was filed in the wrong divisional venue; an action against an official of the University involving decisions and events in Eugene should have been filed in this Court's

---

[1] Defendant tova stabin spells her name using all lower-case letters.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Eugene Division.  A Motion to Change Divisional Venue is filed contemporaneously with this Response.

Furthermore, the case is moot.  The thrust of Plaintiff's Complaint is that his twitter account, @BruceDGilley, was blocked from commenting under posts of the University's Division of Equity and Inclusion account, @UOEquity.  But the University unblocked Plaintiff's account over a week ago and assured him that @UOEquity will not in the future block comments based on the exercise of protected speech.  Though Plaintiff asserts that this case falls within the "voluntary cessation" exception to mootness, Defendant disagrees and this Court will need to decide whether this case continues to be justiciable before ruling on a motion for preliminary injunction.  Moreover, regardless of mootness, there is no reason for a preliminary injunction, much less an expedited preliminary injunction, where the relief Plaintiff seeks is already in place and he is suffering no harm or prejudice.

Accordingly, Defendant respectfully requests that the motion be denied.

## II.    FACTUAL BACKGROUND

Plaintiff filed this action on Thursday, August 11, 2022.  He is represented by a conservative political organization — the Institute for Free Speech — which was formed to challenge campaign finance restrictions.[2]  The following day, Friday, August 12, 2022, the Institute for Free Speech put out a press release to attract media attention to its lawsuit.  (Park Decl. ¶ 3, Ex. 1.)  Officials at the University learned of the case that day through press inquiries and reports.  (*Id.* ¶ 3.)  The University was not served until several days later.  (*Id.* at ¶ 7.)  (It was necessary for Plaintiff to serve the University because he sued Defendant stabin in her official capacity, making the University the real party in interest.  *See Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009) (collecting cases).)

Plaintiff served the University on Wednesday, August 17, 2022, at 1:50 p.m.  (*Id.* at ¶ 7.) The same day, he filed this motion (*id.*), which, incredibly, repeatedly faults the University for

---

[2] https://www.ifs.org/about-us/#panel3d (visited Aug. 24, 2022).

delaying the progress of this litigation, despite that the case was only six days old (including a weekend) and that Defendant had been served only hours before Plaintiff filed the motion.

In fact, well before the University had been served, it unblocked Plaintiff's twitter account as soon as it learned of his lawsuit. By letter of August 16, 2022, the University's General Counsel Kevin S. Reed told Plaintiff's lawyer:

> Prof. Gilley (@BruceDGilley) was unblocked from the Twitter account at issue (@UOEquity) last Friday, August 12, 2022, and the Division of Equity and Inclusion does not intend to block him or anyone else in the future based on their exercise of protected speech. My office has reinforced to our colleagues who control the University's multiple social media channels that, if they open such channels to comments, they may not block commentary on the basis of the viewpoints expressed. I have further confirmed that those social media channels controlled by UO's central communications unit have no blocked users.

(*Id.* at ¶ 5 & Ex. 2). Counsel for Plaintiff, Del Kolde, responded by characterizing the University's decision to unblock Plaintiff's twitter account as "temporary" and asserting that the "voluntary cessation" exception to mootness applies to this case. (*Id.* at ¶ 6.)

Later the same day, August 16, 2022, Mr. Kolde requested that the University's outside counsel, Stephen English and Misha Isaak, make themselves available to confer the next day, August 17, 2022. (*Id.*) Mr. Isaak responded that he was not available for a telephone conference the following day on account of out-of-state travel but that counsel should begin the conferral process with a discussion over email in lieu of a telephone conference:

> I will be traveling out-of-state tomorrow and therefore won't be available for a telephone conference. I have not spoken to Steve [English] but I know he is also out-of-state at the moment. Perhaps we can begin the conferral process by you explaining what you intend to tell the court about the need for expedited discovery and a preliminary injunction given what I understand to be the status quo, i.e., your client's twitter account is not blocked and he is free to post responses to the @UOEquity account. Is there some other relief you would be seeking with a preliminary injunction? If so, it would be helpful to know what it is. And if not, it would be helpful to understand the necessity for a preliminary injunction.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

(*Id.* at Ex. 3.).  Mr. Kolde did not respond this email.  (*Id.* at ¶ 7.)[3]

## III.    ARGUMENT

The motion should be denied both because Plaintiff failed to engage in a good faith

conferral and, on the merits, Plaintiff states no good cause to expedite normal case scheduling.

### A.    The Motion Should Be Denied Because Counsel for Plaintiff Did Not Engage in Good Faith Conferral

Local Rule 7-1 provides, in relevant part:

> Except for motions for temporary restraining orders, the first paragraph of every motion must certify that:
>
> (A) In compliance with this Rule, the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or
>
> (B) The opposing party willfully refused to confer[.]

LR 7-1(a)(1).  Plaintiff's motion does include a certification as contemplated by Local Rule 7-1,

but the content of the certification is both false and misleading.  Plaintiff's counsel did not

engage in good faith conferral as required by the rule.

On Tuesday, August 16, 2022, Plaintiff's counsel Del Kolde responded to an email from

the University's Deputy General Counsel Douglas Park about mootness and accessibility of

digital files that Mr. Kolde had earlier tried to send.  Stephen English and Misha Isaak, the

University's outside counsel, were copied on that email.  The last sentence of the email says,

"And Stephen and Misha, please indicate whether you intend to participate in the phone

conference tomorrow. We should discuss scheduling issues, among other things."  (Park Decl.

¶ 6 & Ex. 3.)  When Mr. Kolde's referred to "the phone conference tomorrow," he apparently

had in mind an Outlook calendar invitation he had sent to set a telephone conference, without

---

[3] The motion states repeatedly that the University has delayed the progress of this nascent litigation.  Defendant will not burden this memorandum with responses to those accusations because they are self-evidently untrue and immaterial to the motion in any event.  However, the Declaration of Douglas Park recites the back-and-forth between counsel and explains why the University has conducted itself as it has in this litigation to date.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

inquiring about the availability of Defendant's counsel.

Mr. Isaak responded to Mr. Kolde's email the day he received it by saying he was traveling out-of-state the following day and would therefore not be available for a telephone conference, but that he wanted to confer — first with an exchange of emails about why Plaintiff believed he needed an expedited process for a preliminary injunction where the relief he was seeking had already been voluntarily provided by the University already. Mr. Isaak's email, quoted in full, is as follows:

> Del:
>
> I will be traveling out-of-state tomorrow and therefore won't be available for a telephone conference. I have not spoken to Steve but I know he is also out-of-state at the moment. Perhaps we can begin the conferral process by you explaining what you intend to tell the court about the need for expedited discovery and a preliminary injunction given what I understand to be the status quo, i.e., your client's twitter account is not blocked and he is free to post responses to the @UOEquity account. Is there some other relief you would be seeking with a preliminary injunction? If so, it would be helpful to know what it is. And if not, it would be helpful to understand the necessity for a preliminary injunction.
>
> Best regards,
>
> Misha

(Park Decl. Ex. 3.) Mr. Kolde did not respond to this email. (*Id.* at ¶ 7.) He instead simply filed his motion the next day. (*Id.*)

Plaintiff's conferral certification states that his counsel "attempted to confer telephonically with putative outside counsel regarding this motion, but counsel willfully declined to participate and did not offer any alternate times to confer." This statement is both false and misleading. First, Defendant's counsel did not "willfully decline[] to participate" in conferral; that statement is simply false. To the contrary, Defendant's counsel *invited* conferral by email about the key issue dispositive of Plaintiff's motion, i.e., whether an expedited process for a preliminary injunction is actually necessary, given that the relief he sought was already provided by the University. It was Mr. Kolde who refused to engage. Second, the statement that

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Defendant's counsel "did not offer any alternate times to confer" is misleading. While true in the narrowest sense, it leaves the impression that Defendant's counsel was refusing to schedule a conferral discussion, which is untrue. Defendant's counsel would have happily carried on a conferral exchange by email and then, if necessary, also would have participated in a telephone discussion another day to further discuss Plaintiff's motion. Again, it was Plaintiff's counsel who declined to participate in the conferral process that Defendant's counsel had invited.

"If [Local Rule 7-1] is to mean anything at all, at least the spirit of its substantive requirements must be met. The obvious purpose of Local Rule 7.1 is to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson ex rel. Thorp Fam. Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004). Judges of this Court have repeatedly denied motions on account of parties' and their lawyers' failure to engage in good faith conferral before filing motions. For instance, in *Thompson*, the Court held that "giving less than one day's notice of a summary judgment motion" did not satisfy the rule's requirement. *Id.* In another case, *Bowers v. Experian Info. Sols., Inc.*, No. 08-1436, 2009 WL 2136632 (D. Or. July 15, 2009), the Court held that a simple exchange of emails was inadequate under the rule, where no good faith effort was made to discuss the merits of the motion. *Id.* at *3.

Here, Plaintiff's counsel sent an email asking to confer but refused to engage about the substance of the motion when invited to do so, leaving Defendant's counsel guessing at what the basis of the motion would be. He then proceeded straight to filing his motion the following day. This is precisely the kind of "perfunctory" effort at conferral that the Court found insufficient in both *Bowers* and *Thompson*.

Conferral is not a mere formality. As mentioned, the purpose of conferral is to require parties to explore whether they can work together to achieve a desired outcome, before burdening the courts with unnecessary litigation. Indeed, had counsel for Plaintiff reached out to the University's Office of General Counsel before filing a lawsuit, no lawsuit would have been

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

necessary.  But instead of calling the General Counsel's Office before filing suit or even responding to counsel's email inviting dialog about this motion, Plaintiff and his lawyers seem to have focused on pushing out press releases to various right-wing outlets to generate publicity among their political allies.[4]  In contrast, the University believes that the federal courts are here to resolve actual controversies, not to create a media circus around an issue that could have been resolved with a phone call.

Because Plaintiff failed to engage in good faith conferral, his motion should be denied.[5]

---

[4] *See, e.g.*:

Red State: https://redstate.com/alexparker/2022/08/15/lawsuit-professor-tweets-all-men-are-created-equal-universitys-division-of-equity-and-inclusion-blocks-him-n612326

Breitbart: https://www.breitbart.com/tech/2022/08/15/all-men-are-created-equal-prof-sues-u-of-oregon-for-blocking-him-over-declaration-of-independence-quote/

The College Fix: https://www.thecollegefix.com/professor-blocked-for-tweeting-all-men-are-created-equal-files-first-amendment-lawsuit/

Jonathan Turley: https://jonathanturley.org/2022/08/13/some-are-more-equal-than-others-university-of-oregon-sued-after-blocking-professor-for-posting-all-men-are-created-equal/#more-192493

USSA News: https://ussanews.com/2022/08/15/professor-blocked-for-all-men-are-created-equal-twitter-post-files-first-amendment-lawsuit-against-university-of-oregon/

Just The News: https://justthenews.com/nation/free-speech/schools-ban-declaration-independence-quote-opposition-gender-identity-policies

Conservative Angle: http://conservativeangle.com/can-university-run-social-media-accounts-block-you/

Public UK: https://public.uk.com/2022/08/18/can-university-run-social-media-accounts-block-you/

Before It's News: https://beforeitsnews.com/libertarian/2022/08/can-university-run-social-media-accounts-block-you-2793859.html

From the Trenches World Report: https://beforeitsnews.com/libertarian/2022/08/can-university-run-social-media-accounts-block-you-2793859.html

[5] Plaintiff may maintain that their emails' references to the "voluntary cessation" doctrine constitute good faith conferral. But the voluntary cessation doctrine is an exception to mootness; it is not an explanation for why an expedited preliminary injunction is needed where, as here, the relief Plaintiff seeks is already in place.  Even where a case is not moot because the voluntary cessation doctrine applies, a preliminary injunction may still be unwarranted, especially when the plaintiff is suffering no discernable injury or prejudice.

7-    DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE PRELIMINARY INJUNCTION HEARING AND EARLY DISCOVERY

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

**B.     The Motion Should Be Denied Because It Does Not State Good Cause For the Relief It Seeks**

Plaintiff's motion, though styled as a "Motion to Expedite Preliminary Injunction Hearing and Early Discovery," is essentially a request to depose a representative of the University before the time for depositions allowed under the Federal Rules of Civil Procedure. Notwithstanding its title, the motion says virtually nothing about the necessity for a preliminary injunction, much less an expedited hearing.

Under the Federal Rules, depositions (like all other forms of discovery) are ordinarily not allowed until the parties jointly develop a discovery plan in a Rule 26 conference. Rule 26(d) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d). The discovery moratorium of Rule 26(d) is incorporated into the text of Rule 30, which governs depositions. Though depositions may typically be taken by notice, Rule 30(a)(2) requires parties to obtain leave of Court before taking a deposition "before the time specified in Rule 26(d)[.]" Fed. R. Civ. P. 30(a)(2)(A)(iii). In short, Rules 26(d) and 30(a)(2) establish a clear presumption against early depositions. At a minimum, depositions generally should not be allowed before defendants even have a chance to file an Answer, which may narrow or even eliminate the need for depositions.

This presumption can be overcome only with a showing of good cause. "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Id.* "[E]xpedited discovery is not appropriate in every case." *Id.*

Some federal courts determine whether "good cause" exists by applying the familiar four-part test for preliminary injunctions, i.e., "whether the party seeking discovery has shown: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the requested discovery and the avoidance of irreparable harm; and (4) some evidence that the

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE PRELIMINARY INJUNCTION HEARING AND EARLY DISCOVERY**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

injury that will result without expedited discovery is greater than the injury the party would suffer if expedited discovery were available." *Laughlin v. Orthofix Int'l, N.V.*, 293 F.R.D. 40, 41–42 (D. Mass. 2013); *see also Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011). But regardless of whether this four-part test or a more flexible reasonableness standard applies, courts generally find good cause only upon the movant's showing that departing from usual discovery procedures is necessary. For instance, "in Internet infringement cases, courts routinely find good cause … to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. 08-1193, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). But where there is no showing of necessity, requests for expedited discovery are denied. *See, e.g.*, *Rovio Ent.*, 907 F. Supp. 2d at 1099–100 (N.D. Cal. 2012) ("Plaintiff has not clearly shown that the information it seeks is needed on an expedited basis to obtain a preliminary injunction."); *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1047 (N.D. Cal. 2011) ("While these arguments are not without merit, the Court finds that they do not establish a strong need for the expedited discovery Samsung requests."); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 241 (S.D. Tex. 2011) ("[I]t is not clear to the Court how this alleged discrepancy would cause a harm that would necessitate expedited discovery."). In other words, courts charge parties moving for expedited discovery: *prove why you need it.*

Here, Plaintiff does not need it. And he makes almost no effort to show otherwise. Only one reason for expedited discovery is even stated in his motion: He says that the named Defendant, Ms. stabin, recently retired and that he needs to know the identify of her successor before the deadline to amend as of right under Rule 15(a)(1). He needs no such thing. For official capacity claims, an officer's successor is substituted as a named party "automatically" under Rule 25(d). Because the government entity (here, the University) is the real party in interest, it is of no consequence whether the identity of the successor is learned before or after

the deadline to amend as of right.  (Indeed, an officer's successor would be substituted automatically even if a plaintiff learned that the named party had left their post immediately before trial.)  And regardless of the automatic substitution rule, leave to amend a Complaint, including to add additional defendants, is granted liberally.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  If Plaintiff needs to substitute or add defendants based on information he learns in discovery, he would be allowed to do so under Rule 15(a)(2).

So, if Plaintiff does not need expedited discovery, the Court may wonder why he wants it. Plaintiff and his counsel at the Institute for Free Speech are trying to make a political point about the views of the University's Division of Equity and Inclusion.  Specifically, they disagree with the Division's promotion of values like diversity and equity; their preference is that institutions be "colorblind."  This explains why the proposed topics for Plaintiff's Rule 30(b)(6) deposition are untethered to the reason he gives for needing an expedited deposition—i.e., learning the identity of Ms. stabin's successor—and instead focus on things like the "Viewpoints promoted by @UOEquity" and "The VP of Equity and Inclusion's viewpoints on colorblindness[.]"  Kolde Decl. (ECF #11) at Ex. 2.

Plaintiff gives no viable reason why he needs to take the deposition of a University representative now, rather than conduct this litigation in the normal fashion prescribed by the Federal Rules of Civil Procedure.  Absent a showing that early discovery is necessary, Plaintiff fails to state good cause.  His motion should therefore be denied.

### C.    The Court Should Decide Venue and Mootness First

There is yet another reason that early discovery is especially inappropriate here: before any discovery takes place—and certainly before a motion for preliminary injunction is heard and decided—this Court should first decide whether to transfer venue to the Eugene Division and whether the case is moot.

Simultaneous with this motion, Defendant files a Motion for Change of Divisional

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Venue.  Under Local Rule 3-2, cases should be filed in the division in which "a substantial part of the events or omissions giving rise to the claim occurred[.]"  LR 3-2(a)-(b).  This case is about decisions made in Eugene, conduct that occurred in Eugene, involving people located in Eugene.  The key witnesses and documents at issue in the case will be found in Eugene.  Accordingly, this case should have been filed in the Eugene Division and it should now be transferred there.  If a new judge is to be assigned to manage this case, any question about the course of the litigation, including whether discovery is expedited, should be presented to him or her.

Also, this case is now moot and therefore nonjusticiable.  The grievance underlying Plaintiff's Complaint is that the University's Division of Equity and Inclusion's twitter account, @UOEquity, blocked Plaintiff's twitter account, @BruceDGilley, from commenting under its posts.  But Plaintiff's account was unblocked over a week ago, the day after this lawsuit was filed and before the University was even served a copy of the Complaint.  Moreover, the Division of Equity and Inclusion committed to not block Plaintiff or others in the future from its twitter account based on their exercise of protected speech.  Plaintiff's grievance is therefore resolved and there is no further relief the Court can award him.  The University intends to file a motion to dismiss under Rule 12(b)(1) to seek dismissal on this basis.

Plaintiff asserts that the case is not moot because the "voluntary cessation" exception to mootness applies.  Defendant disagrees and will further develop its position in the forthcoming motion.  Because there exists at least a substantial question as to the mootness of this case, and because mootness presents a question of justiciability and subject-matter jurisdiction, it must be decided before other relief is entertained and granted.  *See, e.g.*, *In re Owen*, 229 F.3d 1158 (9th Cir. 2000) ("[W]e must first decide whether events have occurred which have made this case moot."); *Schaefer v. Townsend*, 215 F.3d 1031, 1033 (9th Cir. 2000) ("We must first decide whether this case is moot."); *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 853 (9th Cir. 1999) ("[B]efore reaching this question we must first decide whether this case is rendered moot[.]"); *Bain v. California Tchrs. Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018) ("We must first

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

decide whether Plaintiffs' appeal is moot[.]"); *Olagues v. Russoniello*, 797 F.2d 1511, 1515 (9th Cir. 1986) ("First, we must decide whether the case is moot[.]").

The pendency of two threshold procedural questions—venue and mootness—provides yet another reason not to allow Plaintiff to pursue unnecessary early discovery.  Thus, in addition to a failure to show good cause, Plaintiff's motion should be denied on this basis as well.

## IV.    CONCLUSION

For all these reasons, we respectfully request that the Court deny Plaintiff's motion.


DATED: August 24, 2022.                    **PERKINS COIE LLP**

By:*/s/ Misha Isaak*
     **Stephen F. English**, OSB No. 730843
     SEnglish@perkinscoie.com
     **Misha Isaak**, OSB No. 086430
     MIsaak@perkinscoie.com
     1120 N.W. Couch Street, Tenth Floor
     Portland, Oregon 97209-4128
     Telephone: +1.503.727.2000


     *Attorneys for Defendant tova stabin*

12-    DEFENDANT'S RESPONSE IN OPPOSITION TO
     MOTION TO EXPEDITE PRELIMINARY
     INJUNCTION HEARING AND EARLY DISCOVERY

     **Perkins Coie LLP**
     1120 N.W. Couch Street, Tenth Floor
     Portland, Oregon 97209-4128
     Phone:  +1.503.727.2000
     Fax:  +1.503.727.2222