**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE GILLEY,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>TOVA STABIN, in her individual capacity; COMMUNICATION MANAGER OF THE UNIVERSITY OF OREGON'S DIVISION OF EQUITY AND INCLUSION, in his or her official capacity,<br><br>        Defendants-Appellees. | No.   23-35097<br><br>D.C. No. 3:22-cv-01181-HZ<br><br>MEMORANDUM* |
| BRUCE GILLEY,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>TOVA STABIN, in her individual capacity; COMMUNICATION MANAGER OF THE UNIVERSITY OF OREGON'S DIVISION OF EQUITY AND INCLUSION, in his or her official capacity,<br><br>        Defendants-Appellants. | No.   23-35130<br><br>D.C. No. 3:22-cv-01181-HZ |

Appeal from the United States District Court

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted September 13, 2023
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.
Dissent by Judge W. FLETCHER.

This dispute arises from Twitter interactions between a University of Oregon employee and Bruce Gilley. Using the University's @UOEquity Twitter account, tova stabin,[1] then Communication Manager for the University's Division of Equity and Inclusion, tweeted a prompt purporting to show ways to respond to racist comments. Gilley quote tweeted the "racism interrupter" tweet by saying that "all men are created equal." In response, stabin blocked him from the University's @UOEquity account. His blocking lasted for two months. During that time, Gilley attempted to learn what policies governed his blocking. The University denied the existence of any such policy.

Gilley sued stabin, in her personal and official capacities, for violating his First Amendment rights. He sought damages, a declaratory judgment, and injunctive relief. In response, the University unblocked him and moved to dismiss the complaint as moot. Gilley moved for a preliminary injunction. The district court denied both motions, and both parties appealed. We have jurisdiction over Gilley's

---

[1] We follow stabin's convention of not capitalizing her name.

appeal under 28 U.S.C. § 1292.  We vacate the district court's denial of the preliminary injunction.  We dismiss stabin's appeal for lack of jurisdiction.

1.  The denial of a motion to dismiss, "even when the motion is based upon jurisdictional grounds," is not appealable.  *Catlin v. United States*, 324 U.S. 229, 236 (1945).  We dismiss stabin's cross-appeal, No. 23-35130, for lack of a final judgment.  The issues animating the claim for $17.91 in nominal damages are not sufficiently intertwined with Gilley's appeal.[2]

2.  Although the University of Oregon no longer blocks Gilley on Twitter, the request for prospective relief is not moot.  Mootness turns on whether the voluntary cessation exception applies because "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).  As the party asserting that "the challenged conduct cannot reasonably be expected to start up again," the University bears the "heavy" burden of making that showing.  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).  Since the University's decision to unblock Gilley was not due to a statutory or regulatory change, the factors set out in *Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014), govern whether the University's challenged conduct may recur.  Given the policy's lack of formality and relative

---

[2] We need not decide whether the $20 payment that was the basis of stabin's mootness argument was returned.  We deny the motion to supplement the record with proof that the $20 had been returned as moot.

3

novelty, how easily the policy can be reversed, and the lack of procedural safeguards to protect from arbitrary action, the University has not met its heavy burden to show that the conduct cannot reasonably be expected to recur.

3. Gilley has standing to seek prospective relief for his as-applied challenge after he was blocked for his "all men are created equal" tweet. Standing is assessed when the complaint is filed. *See Friends of the Earth,* 528 U.S. at 191.[3] There is no dispute that Gilley was blocked from viewing the @UOEquity account when he filed his complaint. Because the voluntary-cessation doctrine applies, Gilley still has standing to seek an injunction preventing future blocking.

4. We remand to the district court to reconsider whether Gilley has standing to seek pre-enforcement facial relief under the proper standard we address above, namely that standing is assessed at the time of the complaint. In deciding this issue in the first instance, the district court should be mindful that the Supreme Court has allowed "pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). "[W]hen the threatened enforcement effort implicates First Amendment rights, the inquiry tilts *dramatically* toward a finding of standing." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) (emphasis added). And

---

[3] Having dismissed stabin's appeal, we do not consider Gilley's standing to seek retrospective relief from his as-applied challenge.

"evidence of past instances of enforcement"—such as the enforcement Gilley experienced when he was blocked from viewing a government account for months—"is important in a standing inquiry." *Id*.

5. We affirm the district court's conclusion that Gilley has raised serious questions on the merits of some of his claims. We reject its conclusion, however, that Gilley failed to adequately allege a risk of irreparable injury. Again, he had been blocked for two months when he first sought injunctive relief. During that time, he sought to learn information on the policy pursuant to which he was blocked without having to petition the courts. The University denied that there was such a policy throughout the period that Gilley remained blocked. The University later disclosed to Gilley its internal social media policy that contained criteria for blocking users and claimed that this policy was operative at the time of Gilley's blocking. In arguing before us that there was a policy, but that stabin violated it, the University shows that it lacks sufficient policies to prevent such departures from policy by a rogue employee. These facts readily demonstrate irreparable harm. When, as here, a constitutional injury is "threatened and occurring at the time of respondents' motion," there is a risk of irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 374 (1976) (plurality). Given the irreparable harm that Gilley actually faced in the months before he filed this action, he has carried his burden of showing "*some* cognizable danger*" of a recurrent violation beyond that necessary to avoid mootness.

5

*See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (emphasis added).

Stabin's appeal is **DISMISSED.**

The order denying the preliminary injunction is **VACATED AND REMANDED.**

FILED

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Gilley v. Stabin*, No. 23-35097

W. Fletcher, J., dissenting:

I respectfully disagree with my colleagues' conclusion regarding mootness. When the University learned that Gilley had been blocked, it immediately unblocked him and rejected stabin's decision to block him as inconsistent with its prohibition on viewpoint discrimination. Gilley's request for prospective relief is therefore moot.

stabin blocked Gilley on one occasion. She acted alone and without the knowledge or approval of any other University employee. The University unblocked Gilley the day it learned of his lawsuit. stabin retired the same day.

A few days later, the University sent Gilley a letter stating that it "does not intend to block [Gilley] or anyone else in the future based on their exercise of protected speech." The University also reiterated to its employees that, under its social media guidelines, "[w]e don't delete comments or block users because they are critical or because we disagree with the sentiment or viewpoint." It instructed its employees to "unblock any users you have blocked immediately unless you can make a compelling case that they have violated the guidelines." There is no evidence the University will block Gilley again or modify the guidelines' prohibition on viewpoint discrimination.

The majority holds that the University has not carried its burden to show mootness because its guidelines "lack . . . formality"; are relatively new; and lack "procedural safeguards." But it is undisputed that the record shows that the guidelines are written; that the guidelines have existed since at least 2019; and that employees are subject to discipline if they fail to abide by the guidelines. The record further shows that stabin's decision to block Gilley was an anomaly. There have been the 2,558 retweets and replies directed at the @UOEquity account in the past decade. Only three users (including Gilley) have been blocked during that period.

The University unblocked Gilley immediately upon learning of stabin's action. In unblocking Gilley, the University "did not effect a policy change in the typical sense" because it did not make any modifications to the guidelines. *Rosebrock v. Mathis*, 745 F.3d 963, 973 (9th Cir. 2014). Instead, in reversing stabin's action, the University reiterated that the guidelines prohibit viewpoint discrimination. When, as here, a government defendant "states that it will be more vigilant in following a previously existing policy" in a non-discriminatory manner, "[o]ur confidence in the Government's voluntary cessation . . . is at an apex." *Id.*

On this record, there has been clear voluntary cessation, with virtually no likelihood of resumption. Gilley's request for an injunction is therefore moot.

I respectfully dissent.